(78 South. 750)

No. 22616.

OUBRE et al. v. KATZ.

(April 29, 1918. Rehearing Denied May 27, 1918.)

*(Syllabus by the Court.)*

1. SEQUESTRATION   ⬅⇒21 — WRONGFUL SEQUESTRATION—PETITION—SUFFICIENCY.

A cause of action is presented in a petition which alleges that defendant unlawfully trespassed upon the premises of plaintiffs, and took unlawful possession of the property of plaintiffs, and moved same from said premises to his own place of business.

*(Additional Syllabus by Editorial Staff.)*

2. SEQUESTRATION   ⬅⇒21 — WRONGFUL SEQUESTRATION—PLEA—ESTOPPEL.

In an action for trespass in illegally entering plaintiffs' home and taking illegal possession of their personal property, a plea of estoppel to the part of the petition asking damages for the wrongful issuance of a writ of sequestration was properly sustained, where plaintiffs had paid the claim demanded in that suit.

3. SEQUESTRATION   ⬅⇒21 — WRONGFUL SEQUESTRATION—PLEA OF ESTOPPEL.

In such action, a plea of estoppel, based on plaintiffs' payment of a demand in a sequestration suit, was wrongfully sustained as the part of the claim for damages from the trespass.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Mr. and Mrs. Joseph Villier Oubre against Pincus Katz. Exceptions of no cause of action, etc., sustained, and plaintiffs appeal. Judgment reversed, and exceptions overruled in part, and cause remanded for trial.

Theo. Cotonio, of New Orleans, for appellants. Benjamin Y. Wolf, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiffs sued defendant in damages for an alleged trespass by him, for an illegal entry into petitioner's home, and the taking illegal possession of their personal property.

Defendant filed exceptions of vagueness, no cause of action, and estoppel, which were sustained, and plaintiffs have appealed.

Plaintiffs allege that they bought furniture from defendant on the installment plan in the year 1914; that they had paid, at sundry times, on account of the said bill for furniture, $149; that they failed to pay for installments which afterwards became due; and that defendant sued them for the balance due, and caused a writ of sequestration to issue from the First city court of the parish of Orleans, on January 25, 1917, for the purpose of seizing the furniture. They further allege that defendant undertook to execute the writ of sequestration himself; that he entered their premises during their absence from home by breaking in, and that he took possession of their furniture, and hauled it to his own place of business; that by such unlawful and illegal acts defendant has damaged plaintiffs in the sum of $10,000, for which amount they ask judgment in damages against him.

[1] The allegations in the petition are not so vague as not to inform defendant of the cause of action which has been filed against him. The exception of vagueness should have been overruled.

The petition clearly sets forth a cause of action, as it is one for damages based upon

an alleged trespass by defendant on the premises of plaintiffs without any lawful cause, and for the taking illegal possession of their property.

. Defendant argues, in support of his exception, that plaintiffs have confessed judgment in the sequestration suit in the First city court by paying the claim therein made, with costs. This payment is alleged in plaintiffs' petition. But this is not only a suit for the issuance of a writ of sequestration. Plaintiffs now admit, under the circumstances, that the writ of sequestration was properly issued. The suit is for damages because of the mode of executing the writ adopted by the defendant. The writ is alleged not to have been executed by the constable of the court; but, according to the petition, it was executed by the defendant, in his own way, which is alleged to have been by an illegal trespass upon plaintiffs' premises, and the illegal taking possession and carrying away of their property. It is alleged in plaintiffs' petition that the illegal action on the part of defendant which is complained of in this suit was done under an alleged illegal contract made between defendant and the constable of the First city court, and that said contract, by which the constable delegated his powers of office to the defendant, was impossible, and contrary to law.

Admitting the allegations in plaintiffs' petition, to the effect that defendant impersonated and assumed the duties and prerogatives of the constable of the First city court, and trespassed upon their premises, to be true, the exception of no cause of action should have been overruled.

[2, 3] The plea of estoppel was properly sustained to that portion of the petition which asks for damages because of the wrongful issuance of the writ of sequestration. Plaintiffs have made payment of the claim demanded in that suit, and they cannot now be heard to demand damages for the wrongful issuance of the writ of sequestration therein. But it was wrongfully sustained as to that portion of the claim for damages resulting from the alleged illegal act of defendant in trespassing upon the premises of plaintiffs, and taking illegal possession of their property.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; that the exceptions herein filed be overruled, except as to the plea of estoppel to the claim of plaintiffs for the illegal issuance of the writ of sequestration issued in this suit; and that this case be remanded to the district court for trial, in pursuance with law. Costs of appeal to be paid by defendant.